UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAUGH, | Case No. 16-cv-02121-VC |
| Plaintiff, | |
| | **ORDER GRANTING MOTIONS TO COMPEL AND DISMISS** |
| v. | |
| BARRETT BUSINESS SERVICES, INC., | Re: Dkt. Nos. 15, 16 |
| Defendant. | |

Michael Haugh has sued his former employer, Barrett Business Services, Inc., alleging retaliation, harassment, and wrongful termination based on his complaints to others at the company about Barrett's practice of hiring undocumented immigrants and looking the other way when Barrett's clients hired undocumented immigrants. He asserts individual claims, and also purports to seek PAGA penalties for violations against him and others. Barrett has moved to compel arbitration of Haugh's individual claims, to dismiss the claim for PAGA penalties for failure to comply with the procedural requirements of the statute, and then to stay any new claim for PAGA penalties.

### Motion to Compel Arbitration of the Individual Claims

Before beginning work for Barrett, Haugh signed an employment agreement. As relevant to the motion to compel arbitration, the agreement included a provision saying, "Arbitration shall be the exclusive means of resolving any dispute arising out of Employee's employment or termination from employment by the Company and no other such action can be brought by Employee or the Company in any court." *See* Wiswall Decl. Ex. B, at 4. The agreement included a proviso allowing Barrett to seek injunctive relief from a court for breaches of the

employment agreement.  *See* Wiswall Decl. Ex. B, at 5.

Haugh filed this lawsuit in California state court, Barrett removed it to federal court based on diversity jurisdiction, and Haugh filed an amended complaint.  Barrett seeks to compel arbitration of the amended complaint's individual claims.  Because the arbitration agreement unambiguously covers Haugh's individual claims, the question is whether the arbitration agreement is enforceable.

*Unconscionability*

Arbitration clauses are subject to the same defenses that are available against application of all other contracts, and a contract provision may be invalid if it is unconscionable.  *See* 9 U.S.C. § 2; Cal. Code Civ. Proc. § 1281.2.  To invalidate the arbitration clause, Haugh must show both substantive unconscionability and procedural unconscionability.  *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000).  The two forms of unconscionability do not need to be present in equal quantities, but both must be present for the arbitration clause to be unconscionable.  *Id.*

Although the proviso about injunctive relief makes the arbitration provision one-sided to a large extent and therefore reflects a significant degree of substantive unconscionability, the near total lack of apparent procedural unconscionability – surprise or oppression – means that the arbitration provision is not unconscionable.  *See Harper v. Ultimo*, 7 Cal. Rptr. 3d 418, 422 (Ct. App. 2003).  It is not clear that the contract was truly adhesive.  *See Graham v. Scissor-Tail, Inc.*, 623 P.2d 165, 171-72 (Cal. 1981).  Haugh believed that the contract terms were not negotiable, but he presents no evidence or arguments for the inability to negotiate apart from his own personal understanding.  Haugh Decl., at 3.  The same is true of the timing of the agreement. Haugh says that he felt the hiring process was moving quickly, but he does not argue that anyone rushed him or gave him a deadline to agree to the contract.  *Id.* at 2-3.  Finally, there was no apparent element of surprise in the agreement, further reducing the degree of scrutiny required. *See Baltazar v. Forever 21, Inc.*, 367 P.3d 6, 11 (Cal. 2016) (*quoting Gentry v. Superior Court*, 165 P.3d 556, 572 (Cal. Ct. App. 2007)).  Haugh initialed every page of the employment

agreement, including the pages with the arbitration provision, the injunctive relief provision, and the provision acknowledging his opportunity to consult with a lawyer before executing the agreement.  Haugh says that he did not understand the arbitration provision and nobody explained it to him.  Haugh Decl., at 3.  But Haugh's failure to understand the arbitration provision does not invalidate it.  *See Madden v. Kaiser Found. Hosps.*, 552 P.2d 1178, 1185 (Cal. 1976).

 *Severability*

 Even if the arbitration provision were substantively and procedurally unconscionable, Haugh's individual claims would still be compelled to arbitration because the problematic injunctive relief provision is severable from the arbitration provision and the rest of the employment agreement.  *See Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 848 (N.D. Cal. 2012).  The primary inquiry on severing an unconscionable contract provision is whether severance furthers the interests of justice.  *See* Cal. Civ. Code § 1670.5.  Haugh's agreement with Barrett is not permeated by unconscionability.  *Cf. Carmona v. Lincoln Millennium Car Wash, Inc.*, 171 Cal. Rptr. 3d 42, 55 (Ct. App. 2014); *Nyulassy v. Lockheed Martin Corp.*, 16 Cal. Rptr. 3d 296, 311-12 (Ct. App. 2004).  Instead, the lack of mutuality is focused in one provision, which may be severed.  *See Armendariz*, 6 P.3d at 696-97; *Nyulassy*, 16 Cal. Rptr. 3d at 311-12.  And there is no need to write new terms into the contract, since the potential unconscionability can be removed simply by severing the injunctive relief provision.  *See Armendariz*, 6 P.3d at 697.  Finally, the injunctive relief provision is not implicated in this case, and there is no evidence that it harmed Haugh, further supporting its severability from the rest of the contract. *See Lara*, 896 F. Supp. 2d at 848.

 Because the arbitration provision is not unconscionable, and because the injunctive relief provision would be severable from the rest of the agreement if that aspect of it were unconscionable, Haugh's individual claims are compelled to arbitration and dismissed.  *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014).

## Motion to Dismiss the PAGA Claims

As previously mentioned, Haugh also seeks PAGA penalties to enforce his rights "and the rights of current and former employees."  There are number of problems with Haugh's attempt to recover PAGA penalties.  First, as Haugh concedes, he has failed to plead compliance with PAGA's procedural requirements.  His PAGA claims must be dismissed for this reason alone.  *Kemp v. Int'l Bus. Machines Corp.*, No. 09-cv-4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010).

But there are other problems.  For one thing, the complaint does not clearly identify which substantive legal claims Haugh believes give rise to PAGA penalties.  For example, he appears to seek PAGA penalties in connection with what he calls his "sixth cause of action," but the allegations are not clear (nor is it clear that he may seek PAGA penalties based on the "sixth cause of action").  For another thing, although the complaint asserts that Haugh is attempting, through PAGA, to enforce the rights of others, it includes no explanation about how Barrett's alleged conduct constituted a Labor Code violation against anyone other than Haugh himself.

Therefore, if Haugh decides to file an amended complaint asserting only non-arbitrable PAGA claims, he must consider four things.  First, any amended complaint must allege compliance with PAGA's procedural requirements.  Second, any amended complaint must be limited to violations that can actually give rise to PAGA penalties, and the complaint must only seek PAGA penalties.  Third, if Haugh is truly attempting to assert these claims not just on behalf of himself but also on behalf of others, any amended complaint must include factual allegations about how Barrett violated the Labor Code with respect to the other people Haugh purports to represent.[1]  Fourth, Haugh should consider whether it's worth filing an amended complaint that seeks only PAGA penalties at this time.  Barrett has requested that any PAGA

---

[1] If Haugh is not truly seeking PAGA penalties based on violations against others as well as himself, it's not clear he would be able to pursue PAGA claims at all.  *See* Cal. Lab. Code § 2699 (describing a PAGA action as "a civil action brought by an aggrieved employee on behalf of himself or herself as well as other current or former employees"); *Iskanian*, 327 P.3d at 149 (identifying a split in authority on this issue).

4

claims be stayed pending arbitration of Haugh's individual claims.  Although it's not correct, as some courts seem to assume, that a plaintiff's PAGA claims should always be stayed pending arbitration of the individual claims, on these facts it's difficult to imagine that Barrett's request for a stay wouldn't be granted.[2]

If Haugh chooses to continue to pursue claims for PAGA penalties in this case, he must file an amended complaint within 21 days of this order.  If he does not, the Court will enter a judgment of dismissal without prejudice.

**IT IS SO ORDERED.**

Dated: February 28, 2017

_____
VINCE CHHABRIA
United States District Judge

---

[2] Although *Jacobson v. Snap-on Tools Co.*, No. 15-cv-02141-JD, 2015 WL 8293164, at *6 (N.D. Cal. Dec. 9, 2015), seems to suggest that PAGA claims should be stayed automatically, courts have discretion to stay claims not subject to arbitration while other claims are being arbitrated. *See U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985); *Shepardson v. Adecco USA, Inc.*, No, 15-cv-05102-EMC, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016).  Whether a court should exercise that discretion to stay claims for PAGA penalties may depend on a number of factors, including perhaps the extent and degree to which the defendant's alleged conduct affects a class of people, and any need the class may have for prompt relief.  It's difficult to imagine, given the nature of his claims (which seem largely if not entirely individual) that Haugh could make any colorable argument against a stay of his PAGA claims.